[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #126
The plaintiff, CitiCorp Mortgage, Inc. (CitiCorp)/[1] filed a single-count complaint against the defendants, John Dempsey, John Dempsey d/b/a Dempsey Co. Stonybrook Grocery, Laura Dempsey a/k/a Laura A. Dempsey, Dileo Bros., Inc. and the State of Connecticut.[2] CitiCorp alleges that on January 19, 1990, John and Laura Dempsey (the Dempseys) became indebted to it in the sum of $142,800 as evidenced by a note in that amount. To secure the note, the Dempseys executed an open-end mortgage deed in favor of CitiCorp encumbering the property and premises located at 190 Swanson Avenue, Stratford, Connecticut. The principal balance allegedly due on the note, which is alleged to be in default, is $139,172.25. The Dempseys filed two special defenses alleging that (1) CitiCorp breached the covenant of good faith and fair dealing by failing to credit them for payments made and by bringing the instant action without accounting to them for all payments made; and (2) they do not owe the debt claimed by CitiCorp as they have made numerous payments which have not been credited.
CitiCorp filed a motion for permission to file a motion for summary judgment, which was granted over the objection of the Dempseys. CitiCorp subsequently filed a motion for summary judgment on January 20, 1999. The Dempseys have not filed a CT Page 2213 memorandum in opposition to the motion for summary judgment. The matter was before the court on February 8, 1999.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 380-81,713 A.2d 820 (1998).
In support of its motion for summary judgment, CitiCorp has submitted an affidavit. (Motion For Summary judgment, Exhibit C). The affidavit, however, contains no indication as to the identity of the affiant, is unsigned, and is unattested to by a notary or commissioner of the Superior Court. The court will therefore not consider the affidavit as evidence in this matter. See Sullivanv. Metro-North Commuter Railroad Co., Superior Court, judicial district of Danbury, Docket No. 318197 (October 5, 1995, Stodolink, J.) (since an unsigned affidavit does not comply with Practice Book §§ 380-381, [now Practice Book (1998 Rev.) §§ 17-45 — 17-46,] it will not be considered by the court in ruling c the motion for summary judgment).
Setting aside the information contained in the affidavit, the following information has been put into evidence by CitiCorp. The Demseys executed the note in the amount of $142,800 and the open-end mortgage securing the note on January 19, 1990. (Motion For Summary Judgment, Exhibit A, Note; Exhibit B, Open-End Mortgage; Exhibit E, Request For Admission Nos. 1, 2). The Demseys last made payment on the note on November 14, 1994. (Motion For Summary Judgment, Exhibit D, Interrogatories and Request For Production No. 3). The Dempseys have not paid all of the monthly payments due under the note. (Exhibit E, No. 5). The Dempseys agree that CitiCorp was entitled to receive proper mortgage payments in full, including additional payments to account for arrearages, but that it was not entitled to receive additional monies after the arrearage was paid back. (Exhibit D, Nos. 4, 5, 7). The Dempseys claim that they fully complied with CT Page 2214 the terms of the forebearance [sic] agreement. (Exhibit D, No. 15). The Dempseys deny that they did not inform CitiCorp of their dispute with the amount of the debt or their default under the note and mortgage until after this foreclosure action was commenced. (Exhibit E, No. 25).
CitiCorp has failed to satisfy its burden of showing that there is no genuine issue of material fact concerning the amount of the debt and/or whether the Demseys are in default under the note and mortgage. Accordingly, CitiCorp's motion for summary judgment is denied.
BALLEN, JUDGE